UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
NEW YORK JETS LLC and
JETS DEVELOPMENT LLC,

                      Plaintiffs,

     – against –                            Case No.: 05 CV 2875 (HB)
                                                  (ECF)
CABLEVISION SYSTEM CORPORATION,
CSC HOLDINGS, INC., and
MADISON SQUARE GARDEN LP.

                      Defendants.
------------------------------------------------------------x

### PLAINTIFFS' REPLY TO DEFENDANTS' ANSWER AND AMENDED COUNTERCLAIMS

Plaintiffs New York Jets LLC and Jets Development LLC (collectively, "Jets," "New York Jets" or "Plaintiffs"), by their undersigned counsel, reply to the Answer and Amended Counterclaims of Defendants Cablevision Systems Corporation, CSC Holdings, Inc. and Madison Square Garden LP (collectively, "Cablevision" or "Defendants"), dated December 2, 2005 (the "Answer and Amended Counterclaims"), with knowledge as to its own actions and events occurring in its presence, and upon information and belief as to all other matters, as follows:

### Reply to Affirmative Defenses

1. Plaintiffs deny the allegations in the First Affirmative Defense.

2. Plaintiffs deny the allegations in the Second Affirmative Defense.

3. Plaintiffs deny the allegations in the Third Affirmative Defense.

4. Plaintiffs deny the allegations in the Fourth Affirmative Defense.

1

5. Plaintiffs deny the allegations in the Fifth Affirmative Defense.

6. Plaintiffs deny the allegations in the Sixth Affirmative Defense.

7. Plaintiffs deny the allegations in the Seventh Affirmative Defense.

8. Plaintiffs deny the allegations in the Eighth Affirmative Defense.

9. Plaintiffs deny the allegations in the Ninth Affirmative Defense.

10. Plaintiffs deny the allegations in the Tenth Affirmative Defense.

11. Plaintiffs deny the allegations in the Eleventh Affirmative Defense.

12. Plaintiffs deny the allegations in the Twelfth Affirmative Defense.

## Reply to Counterclaims

13. Paragraph 81 purports to state legal conclusions as to which no response is required, and therefore is denied.

14. Plaintiffs deny the allegations in paragraph 82.

15. Plaintiffs deny the allegations in paragraph 83.

16. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and refer to the documents referenced in paragraph 84's footnote for their contents.

17. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

18. Plaintiffs deny the allegations in paragraph 86.

19. Plaintiffs deny the allegations in paragraph 87.

20. Plaintiffs deny the allegations in paragraph 88, except admit that there was a May 5, 2005, Hearing before Justice Cahn and refer to the Hearing Transcript for its contents.

21. Plaintiffs deny the allegations in paragraph 89, except admit that the Jets and the MTA signed a term sheet on April 11, 2005, and refer to the term sheet for its contents.

22. Plaintiffs deny the allegations in paragraph 90, except admit that Justice Cahn issued a June 2, 2005 Decision and refer to that Decision for its contents.

23. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except refer to the referenced documents for their contents.

24. Plaintiffs deny the allegations in paragraph 92, except admit that MSG Chairman James Dolan was interviewed on WFAN on October 29, 2004, and refer to that transcript for its contents.

25. Plaintiffs deny the allegations in paragraph 93, except refer to the Court's Order for the legal effects thereof.

26. Plaintiffs deny the allegations in paragraph 94.

27. Plaintiffs deny the allegations in paragraph 95.

28. Plaintiffs deny the allegations in paragraph 96.

29. Plaintiffs deny the allegations in paragraph 97.

30. Plaintiffs deny the allegations in paragraph 98.

31. Plaintiffs deny the allegations in paragraph 99.

32. Plaintiffs admit the allegations in paragraph 100.

33. Plaintiffs admit the allegations in paragraph 101.

34. Plaintiffs admit the allegations in paragraph 102.

35. Plaintiffs admit the allegations in paragraph 103.

36. Plaintiffs admit the allegations in paragraph 104.

37. Plaintiffs deny the allegations paragraph 105 except admit that the MTA is a public benefit corporation established pursuant to section 1263 of the New York Public Authorities Law.

38. Plaintiffs admit the allegations in paragraph 106.

39. Plaintiffs admit the allegations in paragraph 107.

40. Plaintiffs admit the allegations in paragraph 108.

41. Plaintiffs admit the allegations in paragraph 109.

42. Plaintiffs admit the allegations in paragraph 110.

43. Plaintiffs admit the allegations in paragraph 111.

44. Plaintiffs admit the allegations in paragraph 112.

45. Plaintiffs admit the allegations in paragraph 113, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 113.

46. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, except admit that on March 25, 2004, the Jets entered into an MOU with the MTA and refer to the MOU for its contents.

47. Plaintiffs deny the allegations in paragraph 115, except refer to the MOU for its contents.

48. Plaintiffs deny the allegations in paragraph 116 and refer to the MOU for its contents.

49. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

50. Plaintiffs deny the allegations in paragraph 118, and refer to the referenced document for its contents.

51. Plaintiffs deny the allegations in paragraph 119, except refer to the referenced article for its content.

52. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

53. Plaintiffs deny the allegations in paragraph 121, except admit that the Jets and the MTA agreed to an arbitration process.

54. Plaintiffs deny the allegations in paragraph 122, except admit that the Jets and the MTA agreed to an arbitration process and admit that there was a letter to Mr. Kalikow and Jay Cross from the arbitrator, former Senator George Mitchell, dated January 28, 2005, and refer to that letter for its contents.

55. Plaintiffs deny the allegations in paragraph 123.

56. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, except admit that "Defendants had no intention of building any mixed-use project on this site. Their 'bid' had no legitimate business justification and was submitted solely for the purpose of delaying and derailing the Sports and Convention Center." (Compl. ¶ 57).

57. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

58. Plaintiffs deny the allegations in paragraph 126.

59. Plaintiffs deny the allegations in paragraph 127, except admit that Defendants made a submission to the MTA on that date and refer to the submission for its contents.

60. Plaintiffs deny the allegations in paragraph 128, except refer to the RFP for its contents.

61. Plaintiffs deny the allegations in paragraph 129, except refer to the RFP for its contents.

62. Plaintiffs deny the allegations in paragraph 130, except admit that on March 21, 2005, the Jets submitted a proposal to the MTA.

63. Plaintiffs deny the allegations in paragraph 131, except refer to the Plaintiffs' proposal for its contents.

64. Plaintiffs deny the allegations in paragraph 132.

65. Plaintiffs deny the allegations in paragraph 133.

66. Plaintiffs deny the allegations in paragraph 134.

67. Plaintiffs deny the allegations in paragraph 135.

68. Plaintiffs deny the allegations in paragraph 136, except admit that Defendants submitted a proposal on March 21, 2005, and refer to that proposal and any statements by City Council Speaker Gifford Miller for their contents.

69. Plaintiffs deny the allegations in paragraph 137, except admit that Defendants submitted a proposal and refer to that proposal for its contents.

70. Plaintiffs deny the allegations in paragraph 138.

71. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

72. Plaintiffs deny the allegations in paragraph 140, except admit that on March 31, 2005, the MTA Board authorized the MTA to negotiate with the Jets for a transaction involving the sale or lease of certain development rights at the West Side Rail Yards.

73. Plaintiffs deny the allegations in paragraph 141, except refer to March 31, 2005, Hearing Transcript for its contents.

74. Plaintiffs deny the allegations in paragraph 142, except refer to March 31, 2005, Hearing Transcript for its contents.

75. Plaintiffs deny the allegations in paragraph 143, except refer to March 31, 2005, Hearing Transcript for its contents.

76. Plaintiffs deny the allegations in paragraph 144.

77. Plaintiffs deny the allegations in paragraph 145, except refer to the referenced document for its content.

78. Plaintiffs deny the allegations in paragraph 146, except refer to the referenced document for its content.

79. Plaintiffs deny the allegations in paragraph 147, except refer to the referenced document for its content.

80. Plaintiffs deny the allegations in paragraph 148, except refer to the referenced document for its content.

81. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

82. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150.

83. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151.

84. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

85. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153.

86. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

87. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155.

88. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

89. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

90. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

91. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

92. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

93. Plaintiffs deny the allegations in paragraph 161.

94. Plaintiffs deny the allegations in paragraph 162.

95. Plaintiffs deny the allegations in paragraph 163.

96. Plaintiffs deny the allegations in paragraph 164.

97. Plaintiffs deny the allegations in paragraph 165.

98. Plaintiffs deny the allegations in paragraph 166.

99. Plaintiffs deny the allegations in paragraph 167.

100. Plaintiffs deny the allegations in paragraph 168.

101. Plaintiffs deny the allegations in paragraph 169.

102. Plaintiffs deny the allegations in paragraph 170.

103. Plaintiffs deny the allegations in paragraph 171.

104. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

105. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173.

106. Plaintiffs deny the allegations in paragraph 174.

107. Plaintiffs deny the allegations in paragraph 175.

108. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

109. Plaintiffs deny the allegations in paragraph 177.

110. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178.

111. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

112. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180.

113. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181.

114. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182.

115. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

116. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

117. Plaintiffs deny the allegations in paragraph 185.

118. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186.

119. Plaintiffs deny the allegations in paragraph 187.

120. Plaintiffs deny the allegations in paragraph 188.

121. Plaintiffs deny the allegations in paragraph 189.

122. Plaintiffs deny the allegations in paragraph 190.

123. Plaintiffs deny the allegations in paragraph 191.

124. Plaintiffs deny the allegations in paragraph 192.

125. Plaintiffs deny the allegations in paragraph 193.

126. Plaintiffs deny the allegations in paragraph 194.

127. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

128. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196.

129.  Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197.

130.  Plaintiffs deny the allegations in paragraph 198.

131.  Plaintiffs deny the allegations in paragraph 199.

132.  Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200.

133.  Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

134.  Plaintiffs deny the allegations in paragraph 202.

135.  Plaintiffs deny the allegations of paragraph 203.

136.  Plaintiffs deny the allegations in paragraph 204.

137.  Plaintiffs deny the allegations in paragraph 205.

138.  Plaintiffs deny the allegations in paragraph 206.

139.  Plaintiffs deny the allegations in paragraph 207.

140.  Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

141.  Plaintiffs deny the allegations in paragraph 209.

142.  Plaintiffs deny the allegations in paragraph 210, except refer to the referenced article for its contents.

143.  Plaintiffs deny the allegations in paragraph 211, except refer to the referenced article for its contents.

144.  Plaintiffs deny the allegations in paragraph 212.

145.  Plaintiffs deny the allegations in paragraph 213.

146.    Plaintiffs deny the allegations of paragraph 214.

147.    Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215.

148.    Plaintiffs deny the allegations in paragraph 216.

149.    Plaintiffs deny the allegations in paragraph 217.

150.    Plaintiffs deny the allegations in paragraph 218.

151.    Plaintiffs deny the allegations in paragraph 219.

152.    Plaintiffs deny the allegations in paragraph 220.

153.    Plaintiffs deny the allegations in paragraph 221.

154.    Plaintiffs deny the allegations in paragraph 222.

155.    Plaintiffs deny the allegations in paragraph 223.

156.    Plaintiffs deny the allegations in paragraph 224.

157.    Plaintiffs deny the allegations in paragraph 225.

158.    Plaintiffs deny the allegations in paragraph 226.

159.    Plaintiffs deny the allegations in paragraph 227.

160.    Plaintiffs admit the allegations in paragraph 228.

161.    Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 229 because paragraph 229 is vague, ambiguous and incomprehensible.

162.    Plaintiffs deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 230 because paragraph 230 is vague, ambiguous and incomprehensible

163.	Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231 because paragraph 231 is vague, ambiguous, and incomprehensible.

164.	Plaintiffs deny the allegations in paragraph 232, except refer to the Complaint for its contents.

165.	Plaintiffs admit the allegations in paragraph 233 and refer to the Complaint for its contents.

166.	Plaintiffs deny the allegations in paragraph 234, except refer to the Complaint and the Court's Opinion for their contents.

167.	Plaintiffs deny the allegations in paragraph 235.

168.	Plaintiffs deny the allegations in paragraph 236.

169.	Plaintiffs deny the allegations in paragraph 237.

170.	Plaintiffs deny the allegations in paragraph 238.

171.	Plaintiffs deny the allegations in paragraph 239, except refer to Justice Cahn's Opinion for its contents.

172.	Plaintiffs admit the allegations in paragraph 240.

173.	Plaintiffs deny the allegations in paragraph 241, except refer to Justice Cahn's Opinion for its contents.

174.	Plaintiffs deny the allegations in paragraph 242, except refer to Justice Cahn's Opinion for its contents.

175.	Plaintiffs deny the allegations in paragraph 243.

176.	Plaintiffs deny the allegations in paragraph 244.

177. Plaintiffs deny the allegations in paragraph 245, except refer to the lower court opinions for their contents.

178. Plaintiffs deny the allegations in paragraph 246.

179. Paragraph 247 was blank, and therefore needs no response.

180. Plaintiffs admit the allegations in paragraph 248.

181. Plaintiffs deny the allegations in paragraph 249.

182. Plaintiffs deny the allegations in paragraph 250.

183. Plaintiffs deny the allegations in paragraph 251.

184. Plaintiffs deny the allegations in paragraph 252.

185. Plaintiffs deny the allegations in paragraph 253.

186. Plaintiffs deny the allegations in paragraph 254.

187. Plaintiffs deny the allegations in paragraph 255.

188. Plaintiffs deny the allegations in paragraph 256.

189. In response to paragraph 257, Plaintiffs incorporate by reference their responses to the allegations in paragraphs 81-256 as though fully set forth herein.

190. Paragraph 258 purports to state legal conclusions as to which no response is required, and therefore is denied.

191. Paragraph 259 purports to state legal conclusions as to which no response is required, and therefore is denied.

192. Plaintiffs deny the allegations in paragraph 260.

193. Plaintiffs deny the allegations in paragraph 261.

194. Plaintiffs deny the allegations in paragraph 262.

195. Plaintiffs deny the allegations in paragraph 263.

196.	In response to paragraph 264, Plaintiffs incorporate by reference their responses to the allegations in paragraphs 81-263 as though fully set forth herein.

197.	Plaintiffs deny the allegations in paragraph 265.

198.	Plaintiffs deny the allegations in paragraph 266.

199.	Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 267, except denies that "the Jets' and DirecTV's telemarketers targeted" Cablevision's subscribers.

200.	Plaintiffs deny the allegations in paragraph 268.

201.	Plaintiffs deny the allegations in paragraph 269.

202.	Plaintiffs deny the allegations in paragraph 270.

203.	Plaintiffs deny the allegations in paragraph 271.

204.	Plaintiffs deny the allegations in paragraph 272.

205.	Plaintiffs deny the allegations in paragraph 273.

206.	Plaintiffs deny the allegations in paragraph 274.

207.	Plaintiffs deny the allegations in paragraph 275.

208.	In response to paragraph 276, Plaintiffs incorporate by reference their responses to the allegations in paragraphs 81-275 as though fully set forth herein.

209.	Plaintiffs deny the allegations of paragraph 277.

210.	Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278.

211.	Plaintiffs deny the allegations in paragraph 279.

212.	Plaintiffs deny the allegations in paragraph 280.

213.	Plaintiffs deny the allegations in paragraph 281.

214.   Plaintiffs deny the allegations in paragraph 282.

215.   Plaintiffs deny the allegations in paragraph 283.

216.   Plaintiffs deny the allegations in paragraph 284.

217.   Plaintiffs deny the allegations in paragraph 285.

218.   In response to the WHEREFORE clause, Plaintiffs deny that Defendants are entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden on Defendants. In addition, Plaintiffs expressly reserve the right to amend and/or supplement their affirmative and other defenses.

## FIRST ADDITIONAL DEFENSE

Defendant's Answer and Amended Counterclaims, including each and every purported cause of action contained therein, fails to state a claim or cause of action against Plaintiffs upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Defendants have not alleged any cognizable injury under New York Civil Rights Law section 70-a.

## THIRD ADDITIONAL DEFENSE

Defendants have not alleged that Plaintiffs engaged in any conduct that legally constitutes tortious interference with existing contracts and with prospective business relations as to cable subscribers.

### FOURTH ADDITIONAL DEFENSE

Defendants have not alleged that Plaintiffs engaged in any conduct that legally constitutes tortious interference with existing contracts and with prospective business relations as to design and construction professionals.

### FIFTH ADDITIONAL DEFENSE

Defendants have not alleged any legally cognizable injury from any misleading conduct by Plaintiffs.

### SIXTH ADDITIONAL DEFENSE

Even if Defendants were entitled to any monetary relief (which we submit they are not), Defendants would not be entitled to injunctive or other equitable relief because they have an adequate remedy at law.

### SEVENTH ADDITIONAL DEFENSE

Even if Defendants were entitled to any relief (which we submit they are not), Defendants are not entitled to punitive damages.

### EIGHTH ADDITIONAL DEFENSE

Defendants' harm, if any, did not result from the direct or proximate actions of the Jets but from the acts or omissions of third parties over whom the Jets had no control. The actions of such third parties constitute independent, intervening and superseding causes of harm, if any, suffered by Defendants.

## NINTH ADDITIONAL DEFENSE

Defendants' claims are barred, in whole or in part, because the Jets acted for *bona fide* and legitimate business purposes.

## TENTH ADDITIONAL DEFENSE

The claims alleged in the Answer and Amended Counterclaims are barred in whole or in part by the Defendants' unclean hands.

## ELEVENTH ADDITIONAL DEFENSE

Certain of Defendants' allegations go to issues that have already been litigated and conclusively resolved against Defendants and, therefore, will be barred from future litigation by the doctrines of claim and/or issue preclusion.

WHEREFORE, Plaintiffs respectfully demand a judgment dismissing Defendants' amended counterclaims with prejudice as against the Defendants and awarding Plaintiffs their costs and attorneys' fees related thereto, and granting such other relief as the Court deems just and proper.

Dated: New York, NY
December 22, 2005

                    Respectfully Submitted,

                    */s/ Alanna Rutherford*
                    David Boies (DB-4329)
                    BOIES, SCHILLER & FLEXNER LLP
                    333 Main St.
                    Armonk, NY 10504
                    (914) 749-8200

                    Robert J. Dwyer (RD-6457)
                    Paul R. Verkuil (PV-5978)
                    Alanna C. Rutherford (AR-0497)
                    BOIES, SCHILLER & FLEXNER LLP
                    570 Lexington Avenue (16th Floor)
                    New York, New York 10022
                    (212) 446-2300 (telephone)
                    (212) 446-2350 (facsimile)

                    Mark E. Kasowitz (MK-2597)
                    Daniel R. Benson (DB-6587)
                    Daniel J. Fetterman (DF-9093)
                    KASOWITZ, BENSON, TORRES &
                    FRIEDMAN LLP
                    1633 Broadway
                    New York, New York 10019

                    *Attorneys for Plaintiffs*