USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-30-05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
NEW YORK JETS LLC and                    :
JETS DEVELOPMENT LLC,                     :
                                          :
                    Plaintiffs,           :    Case No. 05-CV-2875 (HB)
                                          :
v.                                        :
                                          :
CABLEVISION SYSTEMS CORPORATION,          :
CSC HOLDINGS, INC., and MADISON           :
SQUARE GARDEN L.P.,                       :
                                          :
                    Defendants.           :
                                          :
                                          :
--------------------------------------------------------- x

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, the parties to the

above-captioned action, by and through their respective counsel, hereby agree that the execution

of this Confidentiality Stipulation and Protective Order (the "Stipulation and Order") is

appropriate to protect the legitimate interests of the parties in maintaining the confidentiality of

commercially sensitive information, proprietary information, or other valuable information of a

non-public nature that may be disclosed by a party or non-party in the course of this action, and

hereby further stipulate and agree as follows:

1.    Documents and Scope Defined. This Stipulation and Order shall apply to all

information and documents provided by any party or non-party in the course of this litigation,

whether written, oral, visual, or contained in documents, transcripts, or in any other form

(hereinafter referred to as "Discovery Material"). For the purposes of this Stipulation and Order,

"documents" shall include, but not be limited to, written, recorded or graphic matter,

interrogatory answers served in this action, any requests to admit and responses thereto served in

this action, documents produced by any party or non-party in this action (whether pursuant to formal discovery or by agreement), transcripts of and exhibits to depositions taken in this action, and any exhibits to or portions of any court papers filed in this action which quote from or summarize any of the foregoing. This Stipulation and Order shall also apply to any photocopy, microfiche, microfilm, computer disk, tape or printout, tape recording, compilation, synopsis, summary, quotation, digest or notes (or any portion thereof) of the foregoing created by the recipient thereof.

2.      Use of Discovery Material. All Discovery Material produced in this action shall be used solely for the purposes of this action and for no other purpose whatsoever. Discovery Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Stipulation and Order. All Discovery Material received in the course of this action shall be used by a non-producing party, by a person or entity employed or retained by or acting on behalf of a non-producing party, by such party's counsel, or by anyone else granted access under this Stipulation and Order solely for the purpose of the prosecution or the defense of this action and for no other purpose whatsoever. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

3.      Confidential Discovery Material. "Confidential Material" means Discovery Material that the producer reasonably believes in good faith to contain (a) business forecasts or strategy, strategy with respect to petitioning the courts or any government officials or bodies, the confidential terms of contracts, trade secrets, proprietary business information or other commercially sensitive or valuable information of a non-public nature, financial information (including non-public information on profits, sales, costs, budgets, etc.), customer lists, other

2

non-public customer information, prices or pricing strategies, marketing or public relations strategies, sales and marketing plans, formulae, patterns, devices, programs, techniques, processes, and research and development; (b) that have value to the owner (at least in part) by virtue of the fact that they are not publicly known; and (c) that the company has taken steps, appropriate under the circumstances, to protect from a public disclosure.

4.      If counsel for any Party or non-party subject to discovery in this case determines in good faith that disclosure of Confidential Material poses a significant risk of competitive or other harm to the producing Party or non-party (or to a third party that supplied the document or documents) unless further limitations are placed on its disclosure, the documents or information may be classified as "Confidential – Attorney's Eyes Only."

5.      Any party or non-party producing Discovery Material in this action may designate the material as "Confidential" or "Confidential – Attorney's Eyes Only" by stamping or otherwise identifying it on its face as such, or by identifying in writing the Bates numbers assigned to such Discovery Material or other information sufficient to identify it. Discovery Material provided prior to the entry of this order is being treated, by agreement of the parties, as "Confidential – Attorney's Eyes Only." Within twenty (20) days of entry of this order, the party that produced such materials shall provide a new copy of all Discovery Material designated as "Confidential" or "Confidential – Attorney's Eyes Only," with the appropriate designations in each case, and the receiving party will return or destroy all undesignated copies of such materials within seven (7) days of receipt of the designated materials. Provided, however, that the receiving party need not return or destroy undesignated copies of such materials that have been incorporated into its attorney work product, and any such materials retained by the receiving party shall be treated as "Confidential – Attorney's Eyes Only." In addition, the parties agree to

stipulate to the appropriate confidentiality designation for any undesignated materials that have been entered as deposition exhibits prior to being designated as "Confidential" or "Confidential – Attorney's Eyes Only" in accordance with this paragraph.

6.      Information disclosed during a deposition or any exhibit thereto may be designated as Confidential or Confidential – Attorneys Eyes Only by so indicating on the record at the deposition. Within twenty (20) days of receipt of the transcript, the specific pages and lines of the transcript that are designated as Confidential or Confidential – Attorneys Eyes Only shall be identified by the party claiming such confidential treatment. Discovery Material designated as Confidential or Confidential – Attorneys Eyes Only shall be referred to herein collectively as "Confidential Discovery Material." Counsel for any party or witness may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who would not be entitled pursuant to paragraphs 8 and 9 hereof to receive the Confidential Discovery Material.

7.      This Stipulation and Order does not represent an agreement as to what documents are Confidential or Confidential – Attorneys Eyes Only, but, rather, a mechanism by which a party can designate those materials it believes should be treated as Confidential or Confidential – Attorneys Eyes Only. Stamping the legend "Confidential" or "Confidential – Attorneys Eyes Only" on the cover page of any multi-page document shall designate all pages of the document as Confidential or Confidential – Attorneys Eyes Only unless otherwise indicated by the producer.

8.      Disclosure of Confidential Documents. Except with the prior written consent of the producer and subject to the provision of paragraph 2 hereof, (i) no document designated as Confidential and no information contained therein may be disclosed to any person other than:

4

a.   Counsel for any party to this action who is actively engaged in the prosecution or defense of this action (including in-house counsel of any party);

b.   Secretaries, paralegal assistants, and clerical personnel employed by outside counsel who are actively engaged in assisting such counsel with the prosecution or defense of this action and whose functions require access to Confidential Discovery Material;

c.   Directors, officers and employees of any party to this action (or, if a party is a natural person, such party) who (i) are actively engaged in assisting counsel with the prosecution or defense of this action, or (ii) are being advised by counsel regarding this action and the particular disclosure is reasonably necessary with regard to the legal advice being rendered;

d.   Employees of outside counsel to this action or third-party vendors retained by the parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing Discovery Material;

e.   Experts or consultants retained by counsel for any party in connection with this action, and the employees of such experts or consultants who are actively assisting in the preparation and trial of this action;

f.   The Court and its support personnel; and

g.   Witnesses or potential witnesses who are reasonably believed to have relevant knowledge concerning the confidential information;

provided in each case that paragraph 9 hereof is satisfied; and (ii) no document designated as Confidential – Attorneys Eyes Only and no information contained therein may be disclosed to

5

any person other than persons identified in paragraph 8(i)(a), 8(i)(b), 8(i)(d), 8(i)(e) or 8(i)(f).

Before disclosing any Confidential Discovery Material to any person identified in paragraph

8(i)(b), 8(i)(d), or 8(i)(e), counsel shall instruct such person not to use or disclose such Discovery

Material for any purpose other than as counsel directs. Persons identified in 8(i)(g) who are

barred from seeing a document designated Confidential – Attorneys Eyes Only under the terms

of this agreement may not be examined or cross-examined using that document by the party

claiming such confidential treatment over such document.

      9.     Agreement to be Bound by Stipulation and Order. Discovery Material designated

as Confidential may not be disclosed to a person designated in paragraphs 8(i)(c), 8(i)(e) or

8(i)(g) unless such person has signed a statement, in the form attached hereto as Exhibit A, that

they have read this Stipulation and Order and agree to be bound by its terms. Discovery Material

designated as Confidential may not be disclosed to a person designated in paragraph 8(i)(d),

unless such person or a designated person from the firm or company has signed a statement, in

the form attached hereto as Exhibit A, that they have read this Stipulation and Order and agree to

be bound by its terms.

      10.    Other Source Documents. Nothing in this Stipulation and Order shall prevent any

party or non-party from using in any manner, or disclosing the contents of, publicly available

documents, its own documents, or copies of documents obtained from any source other than

through discovery in this action. If a producer of Confidential Discovery Material should, at a

later date, publicly disclose such information, then the non-disclosing party shall also have a

right to disclose that information.

      11.    Designation of Computerized Materials. To the extent that matter stored or

recorded in the form of electronic or magnetic media (including information, databases or

6

programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced

in such form, the producer may designate such Computerized Material as Confidential or

Confidential – Attorneys Eyes Only by cover letter referring generally to such Computerized

Material.  Whenever any person to whom Computerized Material designated as Confidential or

Confidential – Attorneys Eyes Only is produced reduces such Computerized Materials to hard-

copy form, such person shall mark such hard-copy form with the appropriate confidentiality

legend or as otherwise provided in paragraphs 3-5 above.

     12.    <u>Objections to Designations</u>.  If a party reasonably believes in good faith that a

document, including a deposition transcript or parts thereof, that has been designated as

Confidential or Confidential – Attorneys Eyes Only contains only:

        a.    information already known to the persons or entities to whom such

documents are to be disclosed, which information was obtained other than

through discovery in this action;

        b.    information otherwise available to the public; or

        c.    information other than that described in paragraph 3 and 4, respectively;

then that party may object to the designation of any such document or deposition transcript as

Confidential or Confidential – Attorneys Eyes Only under the procedures contained in paragraph

13.

     13.    <u>Procedure for Objection to Designations</u>.  If counsel reasonably believes that

information has been improperly classified as Confidential or Confidential – Attorneys Eyes

Only, or that, notwithstanding a given designation, there is an important reason for disclosure

beyond what is permitted by this Stipulation and Order, he and counsel for the producing party

shall attempt to resolve such matter by agreement, with each side providing reasons for the

designation it proposes, why information designated as Confidential or Confidential – Attorneys
Eyes Only should or should not be disclosed beyond what is allowed by this Stipulation and
Order, and if so, to whom and subject to what restrictions. If the parties are unable to resolve
such matter by agreement within seven days, the party seeking redesignation or disclosure may
apply to the Court. The restrictions of this Stipulation and Order shall apply unless and until the
Court orders otherwise. Nothing herein is intended to alter the requirements for a protective
order as they otherwise exist under Federal Rule of Civil Procedure 26(c).

14.    Use of Designated Documents in Court Papers.  Confidential Discovery Material,
including deposition transcripts, may be referred to in interrogatory answers, motions, hearings,
briefs, and other pleadings, and may be used at or in depositions, court hearings and trial and
marked as exhibits in this action; provided, however, that any pleading or other paper filed with
the Court that discloses the contents of Confidential Discovery Material shall itself be marked as
"Confidential" or "Confidential – Attorneys Eyes Only," as appropriate, and shall be separately
filed under seal with the Clerk of the Court, in sealed envelopes or other appropriate sealed
containers on which shall be endorsed the caption and index number of this action and a
statement substantially in the following form:

> This envelope (or container) is sealed pursuant to Order of
> the Court and contains confidential information and is not
> to be opened or the contents thereof to be displayed or
> revealed except to the Court and Court personnel.

The parties will consent to whatever orders are necessary to accomplish the filing of particular
papers under seal.

15.    Production to Third Parties.  Any person in possession of Confidential Discovery
Material who receives a subpoena, civil investigation demand or other lawful process from any
person or entity who is not a party to this Stipulation and Order that seeks production or other

disclosure of such Confidential Discovery Material shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for the designating person or entity, enclosing a copy of the subpoena, civil investigative demand or other lawful process. In no event shall production or other disclosure of Confidential Discovery Material be made before the later of (a) ten (10) days following the date on which such notice is given, or (b) the return date of the subpoena, civil investigative demand or other lawful process, unless otherwise required by applicable law or by court order.

16.    Production by Third Parties. The provisions of this Stipulation and Order concerning Confidential Discovery Material shall also apply to discovery directed to a non-party to this action if said non-party requests protection as to Discovery Material and complies with the provisions hereof.

17.    Use of Confidential Discovery Material in Court Proceedings. In the event that any Confidential Discovery Material is used in any pre-trial court hearing or proceeding or at trial, the parties shall meet and confer before said hearing or proceeding in an attempt to agree on the procedures for which Confidential Discovery Material may be introduced into evidence or otherwise used, and the parties shall seek Court approval of such procedures. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing such materials. Absent agreement, the Court shall be asked to issue an order governing the use of Confidential Discovery Materials. A party shall provide notice to the producing party of potential use of any Confidential Discovery Material at least 24 hours prior to using such Confidential Discovery Material in any pre-trial court hearing or proceeding or at trial, and shall indicate a document's status as Confidential or Confidential – Attorney's Eyes Only on any exhibit list.

9

18    Other Protections. Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater, or lesser protection with respect to the use of any Confidential Discovery Material in connection with this action. Nothing herein shall waive the right of any party to apply to the Court for a further protective order relating to any Confidential Discovery Material or for an order permitting the disclosure of Confidential Discovery Material. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Discovery Material.

19.    Inadvertent Disclosures. The inadvertent production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection (hereinafter referred to as "Protected Material") shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of such privilege or protection. No later than thirty (30) days after the actual discovery of an inadvertent production of such Protected Material, the producing person may provide written notice that Protected Material, or discovery material that contains such Protected Material, has been inadvertently produced or disclosed. Within five (5) days of receipt of such notice, any individual or entity who has received such Protected Material shall return to the producing person all such Protected Material and copies thereof in its possession, and shall make reasonable efforts to reclaim and return any such Protected Material. In the event of a good faith dispute between the parties as to any matter discussed in this paragraph, the parties shall either resolve the matter between themselves, or shall submit the matter to the Court for resolution.

20.    Inadvertent Failure to Designate. Any inadvertent failure by a producer to designate confidential Discovery Material as "Confidential" or "Confidential – Attorneys Eyes Only" shall not constitute a waiver of that producer's right to designate such documents at a later

10

date by causing them to be marked according to the provisions of this Stipulation and Order. In such case, any person receiving notice from the producer shall, within ten (10) business days of receipt of such notice, either (a) return all such documents (including all copies thereof within its custody and control) to producer so that producer may promptly mark such documents appropriately and produce such marked documents or (b) if producer has so requested, mark all such documents (including all copies thereof within its custody and control) appropriately. Provided, however, that the receiving party need not return or mark undesignated copies of such materials that have been incorporated into its attorney work product, and any such materials retained by the receiving party shall be treated as "Confidential – Attorney's Eyes Only."

21.    Continuing Effect of Stipulation and Order. The duration of this Stipulation and Order shall be perpetual, irrespective of whether this litigation has terminated in any manner or whether all Confidential Discovery Material has been returned. All persons receiving Confidential Discovery Material pursuant to this Stipulation and Order shall continue at all times hereafter to treat such information in strict accordance with this Stipulation and Order. Confidential Discovery Material and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such Confidential Discovery Material or, alternatively, at the request of the producer of such Confidential Discovery Material, be destroyed by each party or person possessing those documents within sixty (60) days after entry of an order, judgment or decree finally disposing of this action, including any appeals.

22.    Resolution of Disagreements. Counsel agree to confer in good faith and use their best efforts to resolve by agreement any differences arising under this Stipulation and Order. It is agreed that the confidential nature of Confidential Discovery Material makes any breach of this Stipulation and Order unable to be remedied solely by damages. Therefore, if there is a

11

breach or threatened breach of this Stipulation and Order, the parties acknowledge that the non-breaching party shall be entitled to a temporary restraining order and/or injunction, without being required to post bond or other security, and that pursuing such action shall not be construed as prohibiting the non-breaching party from pursuing any other remedies to which it may be entitled.

23.    Nothing herein shall affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.

Dated: December 22, 2005

GIBSON, DUNN & CRUTCHER LLP

By:

Miguel A. Estrada (ME-4227)          Randy M. Mastro (RM-9492)
Michael L. Denger                    Jennifer H. Rearden (JR-2552)
Joshua Lipton                        GIBSON, DUNN & CRUTCHER LLP
GIBSON, DUNN & CRUTCHER LLP          200 Park Avenue
1050 Connecticut Avenue, NW          New York, NY  10166-0193
Washington, DC  20036-5306           Tel:  (212) 351-4000
Tel:  (202) 955-8500                 Fax:  (212) 351-4035
Fax:  (202) 467-0539

                                     *Counsel for Defendants Cablevision Systems*
                                     *Corporation, CSC Holdings, Inc., and Madison*
                                     *Square Garden L.P.*

12

BOIES, SCHILLER & FLEXNER LLP

By: _____

Robert J. Dwyer (RD-0457)
Paul R. Verkuil (PV-5978)
Alanna C. Rutherford (AR-0497)

570 Lexington Avenue (16th Floor)
New York, NY  10022
Tel:  (212) 446-2300

*Counsel for Plaintiffs New York Jets LLC and Jets*
*Development LLC*

SO ORDERED:

_____
U.S.D.J.
Date: 12/30/05

70337012.1

13