Exhibit 1

Dockets.Justia.com



8/6/92 NYLJ 1, (col. 3)                                                    Page 1

8/6/92 N.Y.L.J. 1, (col. 3)

New York Law Journal
Volume 208, Number 26
Copyright 1992 by The New York Law Publishing Company

Thursday, August 6, 1992

CUOMO SIGNS BILL TO DETER SLAPP LAWSUITS

Gary Spencer

ALBANY - Moving to protect citizen activists from retaliation in the courts, Governor Cuomo yesterday announced his signing of a bill that enacts new standards and stiff sanctions for "SLAPP suits" filed to stifle public debate.

Advocates called it the most comprehensive law in the nation designed specifically to deter business and government officials from using lawsuits to intimidate citizens who oppose their projects or who report wrongdoing.  It will enable courts to dismiss such suits more quickly and easily, it sets a higher standard for plaintiffs to meet before they can recover for libel or defamation, and it offers compensatory and even punitive damages for defendants.

The Governor acknowledged that the bill addresses only one form of "abusive litigation" and that it could be "misused as an opportunity for irresponsible public advocacy."  But he said the state should protect citizen participation in government "regardless of the content of the views expressed."

SLAPP suits (anacronym for Strategic Lawsuit Against Public Participation) were first identified as a legal subspecies by two University of Denver professors in 1988, who found that developers and other businesses were increasingly turning to lawsuits to silence their opponents as they sought government permits, licenses, leases and other approvals.  They would file huge damage claims for defamation or tortious interference with contract against people who spoke out, lobbied or sued to block their projects.

The Governor said, "The aim of SLAPP suits is simple and brutal:  the individual is to regret ever having entered the public arena to tell government what she thinks about something directly affecting her."

Environmentalists are a frequent target of SLAPP suits, and adoption of the bill was one of their few victories in the Legislature this year, but suits have also been filed against government officials who deny permits, neighborhood groups opposing zoning changes and whistleblowers.

One of the most unusual cases in the nation occurred in upstate New York in 1989, when Warren County and its industrial development agency sued 300 of its citizens who were fighting to block construction of a trash-burning plant in Hudson Falls.

Copyright © 2006 The New York Law Pub. Co.

8/6/92 NYLJ 1, (col. 3)                                              Page 2

 8/6/92 N.Y.L.J. 1, (col. 3)

The suit, seeking $1.5 million for interference with contract, was dismissed by
the Appellate Division, Third Department in 1990, and the citizens have
countersued for civil rights violations.

Public Figures

 The new statute - Chapter 767 of the Laws of 1992 - amends the civil rights law
and CPLR for "actions involving public petition and participation." It applies to
actions filed by "a public applicant or permittee" for damages related to "any
efforts of the defendant to report on, comment on, rule on, challenge or oppose
such application or permission."

 It treats developers and other plaintiffs as public figures, requiring them to
meet the actual malice standard to recover for defamation. They must provide
"clear and convincing evidence" that a statement was knowingly false or made with
"reckless disregard" of its falsity.

 It also provides for defendants to recover costs and attorney's fees if an action
was "commenced or continued without a substantial basis in fact and law." As a
further deterrent, it allows recovery for compensatory damages if the suit was
filed "for the purpose of harassing, intimidating, punishing or otherwise
maliciously inhibiting the free exercise of speech. ..." And it provides for
punitive damages if the "sole purpose" of the suit was harassment.

 In order to resolve SLAPP suits quickly, the bill requires courts to grant a
preference in hearing motions to dismiss or for summary judgment. And it requires
the plaintiff to demonstrate that the suit "has a substantial basis in law or is
supported by a substantial argument for an extension, modification or reversal of
existing law," rather than the "reasonable" standard that applies to other types
of civil actions.

 Governor Cuomo said he had "concerns" about adopting "a new standard which,
although purportedly more stringent, is no more exact than the one it appears to
be replacing." He also questioned the creation of a new preference "without
settling its priority against other preferences outstanding."

 But he rejected arguments from opponents of the bill that it would deny them
access to the courts, insisting that it does not infringe any "legitimate rights"
to seek redress.

 The bill applies to actions commenced on or after Jan. 1, 1993.

 8/6/92 NYLJ 1, (col. 3)

 END OF DOCUMENT

Copyright © 2006 The New York Law Pub. Co.