Exhibit 2

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PGC PROPERTY, LLC AND PGC
PROPERTY II, LLC d/b/a
POXABOGUE GOLF CENTER,

                        Plaintiffs,

    -against-

WAINSCOTT/SAGAPONACK PROPERTY
OWNERS, INC. d/b/a EAST END PROPERTY
OWNERS, TWC GROUP, INC., PETER A.
WADSWORTH, MARGARITA BAILEY,
STEVE MILLER, ALEXANDER JOHNSON,
JEAN SINENBERG AND GARY WALEKO,

                        Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 19 2002   ★

LONG ISLAND OFFICE

CV 02 2275
(Spatt, J.)
(Orenstein, M.J.)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

PACHMAN & PACHMAN, P.C.
Attorneys for Plaintiff on the Counterclaim
366 Veterans Memorial Highway
Commack, New York 11725
(631) 543-2200

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................. -1-

STATEMENT OF PERTINENT FACTS .......................................... -1-

STANDARD FOR JUDGMENT ON THE PLEADINGS ............................ -2-

I.     PGC'S LANHAM ACT CLAIMS ARE NOT
MATERIALLY RELATED TO THE CIVIC
ASSOCIATION'S EFFORTS TO OPPOSE PGC'S APPLICATION ............ -3-

    A.     PGC'S Claims Are Directed At Defendant's Illegal Conduct
-- Not Its Efforts To Oppose Plaintiff's Application –
And Are, Thus, Unrelated to Defendants' Right to Object .............. -3-

    B.     PGC'S Lanham Act Claims are Not Materially Related To
Defendants' Efforts To Object Because They are Based Upon Defendant's
Conduct Outside the Scope of the ZBA's Oversight of Plaintiff's
Application ............................................................ -5-

    C.     PGC's Complaint against Defendant Does Not Affect
Its Rights of Public Petition and Participation and
Therefore Is Not Violative of the Civil Rights Law ................... -6-

II.     DEFENDANT MAY NOT SEEK DAMAGES OR
ATTORNEY'S FEES IN THE CONTEXT OF LANHAM ACT
CLAIMS UNDER NEW YORK'S CIVIL RIGHTS
LAW §70-a BECAUSE SUCH RELIEF IS PREEMPTED BY FEDERAL LAW .. -8-

III.     PGC'S TRADEMARK CLAIMS HAVE A
SUBSTANTIAL BASIS IN LAW AND FACT ............................ -10-

CONCLUSION ............................................................. -10-

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of plaintiffs' (PGC) cross-motion for a judgment on the pleadings (Fed. R. Civ. P. 12(c) and 12(h)(2)) dismissing defendants' (collectively the Civic Association) counterclaim alleging a violation of New York State's Civil Rights Law §§70-a and 76-a), and in opposition to that portion of the Civic Association's motion for summary judgment which pertains to its "SLAPP" suit counterclaim.

The Civic Association's counterclaim should be dismissed because:

a. PGC's claims alleging violations of the Lanham Act are not materially related to efforts of the Civic Association to oppose PGC's application pending before the Southampton Town Zoning Board of Appeals (ZBA).

b. The Civic Association's counterclaim is barred by the Supremacy Clause of the United States Constitution and the doctrine of federal preemption.

c. PGC's trademark infringement claims indisputably have a substantial basis in law and fact.

## STATEMENT OF PERTINENT FACTS

PGC and is its predecessors in interest have continuously operated a golf facility under the name "POXABOGUE" since approximately 1962 (Complaint, ¶¶2-3).

PGC expends substantial monies annually to promote the PGC facility and the POXABOGUE name, and also receives frequent and unsolicited media attention (Complaint ¶18).

On September 6, 2000, PGC submitted an application to the Southampton Zoning Board of Appeals (the "Zoning Board") seeking permission for certain limited expansion of the PGC facility (the "Application") (Complaint, ¶22). The Civic Association opposed the Application (Complaint, ¶22) and has vociferously and continuously voiced its opposition at public hearings, through the media, and

-1-

on their internet sites (Amended Reply ¶¶26-28).

PGC registered the domain name, "poxabogue.com" with Network Solutions, Inc., on or about December 15, 2000 (Complaint, ¶20).

In or about August 2001, some or all of the individual defendants registered the poxabogue.org domain name (Complaint, ¶24).

The poxabogue.org web site is a mark that is identical to the dominant component of PGC's trademark (Complaint, ¶25).

PGC sent the defendants a "cease and desist" letter on April 11, 2002 (Complaint, ¶29; Amended Reply, ¶¶21-22). Thereafter, the web site underwent changes (Complaint, ¶30). The poxabogue.org site still, however, remained in operation (Complaint, ¶30; Amended Reply, ¶¶23-24).

PGC's First Cause of Action alleges unfair competition in a violation of 15 U.S.C. §1125(a) (Complaint, ¶¶33-37). The Second Cause of Action alleges cybersquatting in a violation of 15 U.S.C. §1125(d) (Complaint, ¶¶38-44).

## STANDARD FOR JUDGMENT ON THE PLEADINGS

A party is entitled to dismissal of a claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure if it "appears beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief." Sheppard v. Beerman, 94 F.3d 823 (2d Cir. 1996). Rule 12(c) allows a party to "move for judgment on the pleadings" "(a)fter the pleadings are closed but within such time as not to delay the trial." Pursuant to Rule 12(h)(2), a Rule 12(c) motion may be used to raise the "defense of failure to state a claim upon which relief can be granted." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001). For the reasons set forth below, an order granting judgment on the pleadings is warranted here.

I.

## PGC'S LANHAM ACT CLAIMS ARE NOT MATERIALLY RELATED TO THE CIVIC ASSOCIATION'S EFFORTS TO OPPOSE PGC'S APPLICATION

A.

### PGC'S Claims Are Directed At Defendant's Illegal Conduct -- Not Its Efforts To Oppose Plaintiff's Application – And Are, Thus, Unrelated to Defendants' Right to Object

The court must reject the Civic Association's unsupportable contention that PGC's action qualifies as a "Strategic Litigation Against Public Participation" (SLAPP) suit, as provided for in the New York State Civil Rights Law. Civil Rights Law §76a(1)(a) defines an action involving public petition and participation (i.e. a "SLAPP" suit) as "an action..for damages that is brought by a public applicant...and is <u>materially</u> related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission." (emphasis added)

The gravamen of PGC's unfair competition claim is that the Civic Association's use in interstate commerce of the "POXABOGUE" trademark on the www.poxabogue.org web site is likely to cause confusion in the minds of consumers as to the source of services offered by the Civic Association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

The gravamen of PGC's cybersquatting claim is that the Civic Association had a bad faith intent to profit from using the distinctive mark in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

It is critical and crucial to note that neither claim is directed at the defendant's protected speech or ability to petition and participate before the ZBA, but rather, merely seek redress for the Civic

-3-

Association's wrongful conduct in violation of federal trademark laws.

Such actions aimed at a defendant's illegal conduct, rather than at speech, do not curtail free speech and, therefore, do not constitute a SLAPP suit. Yeshiva Chofetz Chaim Radin, Inc., v. Village of New Hempstead by its Board of Trustees of the Village of New Hempstead, 98 F.Supp.2d 347, 361 (S.D.N.Y. 2000).

Furthermore, because New York's anti-SLAPP laws place new restrictions on the ability of public applicants to seek redress from the courts, they are in derogation of the common law and must be narrowly construed. McKinney's Cons. Laws of N.Y., Book 1, Statutes, §311; Harfenes v. Sea Gate Association, Inc., 167 Misc.2d 647, 647 N.Y.S.2d 329 (Sup. Ct. 1995) (cited favorably in Bell v. Little, 250 A.D.2d 485, 673 N.Y.S.2d 402 (1st dept. 1998)), citing, Transit Commission v. Long Island Railroad Company, 253 N.Y. 345 (1930), and Hawkins v. Oneida County, 267 A.D. 547, 47 N.Y.S.2d 574 (4th Dept. 1944).

Accordingly, it is beyond dispute that where, as here, a cause of action asserted against a defendant is not materially related to the defendant's efforts to report on, comment on, challenge, or oppose an application by the plaintiff, the defendant's SLAPP suit fails to make out a *prima facie* case as a matter of law and must be dismissed. Long Island Association for Aids Care v. Greene, 269 A.D.2d 430, 702 N.Y.S.2d 914 (2d Dept. 2000); Ansonia Associates Limited Partnership v. Ansonia Tenants' Coalition, Inc., 253 A.D.2d 706, 677 N.Y.S.2d 575 (1st Dept. 1998); Bell v. Little, 250 A.D.2d 485, 673 N.Y.S.2d 402 (1st Dept. 1998); Gill Farms, Inc., v. Darrow, 256 A.D.2d 995, 682 N.Y.S.2d 306 (3rd Dept. 1998).

## B.

### PGC'S Lanham Act Claims are Not Materially Related To Defendants' Efforts To Object Because They are Based Upon Defendant's Conduct Outside the Scope of the ZBA's Oversight of Plaintiff's Application

Where a plaintiff's cause of action is based upon a defendant's conduct *outside the scope* of the reviewing agency's oversight, it is not "materially related" to defendant's public participation, pursuant to Civil Rights Law §76-a(1)(a). A "SLAPP" suit counterclaim is, thus, without merit. Niagra Mohawk Power Corporation v. Testone, 272 A.D.2d 910, 708 N.Y.S.2d 527 (4th Dept. 2000); Clemente v. Impastato, 290 A.D.2d 864, 736 N.Y.S.2d 281 (3rd Dept. 2002).

In Niagra, the plaintiff utility company commenced an action alleging causes of action for, *inter alia*, attempted extortion, prima facie tort, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC §1961 *et. seq.*). The complaint alleged that the defendants attempted to extort money from the plaintiff by threatening to make public a scandalous rumor concerning one of the plaintiff's executives.

The Appellate Division, Fourth Department determined that the lower court erred in granting a defendant's cross motion to amend his answer to assert a SLAPP counterclaim.

The court noted that, while plaintiff's action was related to public participation by the defendant because it was based in part on his statements to the Public Service Commission, it was not "materially related" to such participation, pursuant to Civil Rights Law §76-a(1)(a) because it was based upon conduct outside the scope of the Public Service Commission's oversight of plaintiff's permits and/or licenses.

In Clemente, the plaintiff commenced a defamation action against the defendant, alleging that certain of the defendant's comments about plaintiff contained in a letter sent to the Regional

-5-

Director of the Department of Environmental Conservation (DEC) were libelous per se. The plaintiff's defamation action centered on statements contained in the defendant's letter to the DEC, which accused the plaintiff of criminal conduct directed against the defendant and a DEC employee. The defendant counterclaimed for, *inter alia*, costs and counsel fees under Civil Rights Law §70-a, alleging that the plaintiff's defamation action was a SLAPP suit under the Civil Rights Law.

The Appellate Division, Third Department affirmed the trial court's determination that such allegations of plaintiff's criminal acts were not within the scope of the DEC's oversight of plaintiff's permits to operate a gravel mine and were, therefore, not "materially related" to defendant's opposition to plaintiff's application to DEC for renewal and expansion of those permits as required by Civil Rights Law §76-a(1)(a).

The case at bar is directly analogous. PGC's trademark claims against the Civic Association are obviously well beyond the scope of the ZBA's oversight of PGC's zoning application. Thus, the counterclaim is baseless since the complaint is not "materially related" to the Civic Association's opposition to PGC's application.

### C.

**PGC's Complaint against Defendant Does Not Affect
Its Rights of Public Petition and Participation and
Therefore Is Not Violative of the Civil Rights Law**

It is well established that, where a plaintiff's complaint does not affect the defendant's rights of public petition and participation before a public agency, it does not offend Civil Rights Law §§70a and 76-a and must be dismissed as a matter of law. Bell v. Little, 250 A.D.2d 485, 673 N.Y.S.2d 402 (1st Dept. 1998); Yeshiva Chofetz Chaim Radin, Inc., v. Village of New Hempstead by its Board of

-6-

Trustees of the Village of New Hempstead, 98 F.Supp.2d 347, 359-361 (S.D.N.Y. 2000), citing, Bell v. Little, supra.

Here, PGC'S trademark claims against the defendant do not impact its ability to exercise its rights of free speech and to petition and participate before the ZBA, and to disseminate its views through the media and other legal means as it sees fit. Thus, Civil Rights Law §§76-1 and 70-a have no applicability to this litigation. Harfenes v. Sea Gate Association, 167 Misc. 2d 647, 647 N.Y.S.2d 329.

## II.

## DEFENDANT MAY NOT SEEK DAMAGES OR ATTORNEY'S FEES IN THE CONTEXT OF LANHAM ACT CLAIMS UNDER NEW YORK'S CIVIL RIGHTS LAW §70-a BECAUSE SUCH RELIEF IS PREEMPTED BY FEDERAL LAW

The Supremacy Clause of the United States Constitution provides that "[t]his Constitution, and the laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the contrary notwithstanding." Art. VI, cl. 2.

It is well settled that federal law may preempt state law in a variety of ways: (1) by explicitly prohibiting state regulation in the area; (2) absent express statutory language, occupying the entire field, leaving no room for state regulations; or (3) if the state law actually conflicts with federal law. Fidelity Federal Savings & Loan Association v. De La Cuesta, 458 U.S. 141, 152-53, 102 S.Ct. 3014, 3022 (1982).

Civil Rights Law §70-a provides that, in an action involving public petition and participation:

- **Costs and attorneys's fees** may be recovered by the defendant upon a demonstration that the action involving public petition and participation was commenced or continued by the plaintiff without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law;

- **Other compensatory damages** may be recovered by the defendant upon an additional demonstration that the action involving public petition and participation was commenced or continued by the plaintiff for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights;

- **Punitive damages** may be recovered by the defendant upon an additional demonstration that the action involving public petition and participation was commenced or continued by the plaintiff for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights.

New York's SLAPP suit statute indisputably creates a statutory framework for defendants to seek monetary damages and attorney's fees beyond that established by the Lanham Act:

- First, under 15 U.S.C. 1117, a prevailing party defendant may be awarded reasonable attorney fees only in "exceptional cases."

- Second, the Lanham Act does not provide for a defendant to seek compensation or punitive damages.

Since, Congress has clearly intended to occupy the entire field of rights and remedies for claims asserted under the Lanham Act, the SLAPP suit provisions of New York State Law are preempted from having applicability in a complaint solely containing such claims.

Furthermore, application of state law remedies which are in conflict with those provided in the Lanham Act burdens the exercise of rights provided under federal law by forcing a party to comply with a requirement that is entirely absent from the federal statute. Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302 (1988). Since Civil Rights Law §70-a conflicts with the federal law, it is without force and effect in the context of this litigation.

Finally, the attempt to apply conflicting remedial state standards would inevitably impermissibly produce different outcomes in litigation involving Lanham Act claims within and among the various circuits. Felder v. Casey, supra, at 141.

## III.

## PGC'S TRADEMARK CLAIMS HAVE A
## SUBSTANTIAL BASIS IN LAW AND FACT

Pursuant to Civil Rights Law §70-a, a defendant seeking compensatory and punitive damages and attorney's fees in a SLAPP suit counterclaim must establish that plaintiff's action was commenced or continued "without a substantial basis in fact and law" Id. This the Civic Association cannot do.

In its opposition to the Civic Association's motion for summary judgment, PGC has demonstrated the merits of its Lanham Act claims. For the sake of judicial economy, PGC will not repeat its arguments in support of the sufficiency of its causes of action, but instead, respectfully directs the Court's attention to PGC'S memorandum of law in opposition to the Civil Association's Rule 56 motion, which it incorporates herein by reference. Since the trademark claims indisputably have a substantial basis in law, the Civic Association cannot recover damages or attorney's fees as a matter of law.

## CONCLUSION

For the foregoing reasons, defendants' counterclaim should be dismissed in its entirety and plaintiffs' motion for judgment on the pleadings should be granted.

Dated: Commack, New York  
June 19, 2002

PACHMAN & PACHMAN, P.C.

BY: _____  
MATTHEW E. PACHMAN [MEP -0271]  
Attorneys for Plaintiffs on the Counterclaim  
366 Veterans Memorial Highway  
Commack, New York 11725  
(631) 543-2200

F:\Data\CLIENTS\ACKERMAN\Poxabogue-Litigation\XNOM-12c\MOL-final.wpd

STATE OF NEW YORK )
                  ) SS:
COUNTY OF SUFFOLK )

       I, BARBARA L. BURDEN, being sworn, say: I am not a party to the action and over 18 years of age and reside at Commack, New York. On June 19, 2002, I served the within Plaintiff's Memorandum of Law in Support of Cross-Motion for Judgment on the Pleadings upon the foregoing attorney(s) at their address, designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper via Federal Express overnight mail, tracking number of air bill 8329 4725 6660, in a United Parcel Service official depository under the exclusive care and custody of the United Parcel Service within the State of New York:

    Kaplan, Gottbetter & Levenson, LLP
    Attn: Paul R. Levenson, Esq.
    Attorneys for Defendants, Wainscott/Sagaponack
      Property Owners, Inc., et. al.
    630 Third Avenue
    New York, New York 10017-6705

                                                BARBARA L. BURDEN

Sworn to before me this
19th day of June, 2002.

_____
Notary Public

JANET WOODS
Notary Public, State of New York
No. 4773027
Qualified in Suffolk County
Commission Expires 10/31/02

STATE OF NEW YORK )
) SS:
COUNTY OF SUFFOLK )

    I, BARBARA L. BURDEN, being sworn, say: I am not a party to the action and over 18 years of age and reside at Commack, New York. On June 19, 2002, I served the within Plaintiff's Memorandum of Law in Support of Cross-Motion for Judgment on the Pleadings by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State addressed to each of the following persons at the last known address set forth after each name:

    Golenback, Eisenman, Assor, Bell & Peskoe, Esqs.
    Attn: Elizabeth A. Jaffe, Esq.
    Attorneys for Plaintiffs
    437 Madison Avenue
    New York, New York 10022-7302

                                           BARBARA L. BURDEN

Sworn to before me this
19th day of June, 2002.

_____
Notary Public

JANET WOODS
Notary Public, State of New York
No. 4773027
Qualified in Suffolk County
Commission Expires 10/31/02