New York Jets LLC et al v. Cablevision Systems Corporation et al Doc. 49 Att. 4

# Exhibit 4

Dockets.Justia.com

# McKINNEY'S
# 1992 SESSION LAWS
# OF NEW YORK

**Comprising**
**Authentic Text of the Laws**
**Together With Other Valuable Materials**
**From the Legislature, the Executive and the Judiciary**

---

Volume 2

---

215th SESSION—1992
Laws of the Regular Session
Chapters 599 to 858

**WEST PUBLISHING CO.**
**ST. PAUL, MINN.**

act. Such reimbursement shall be for: (i) disbursements made after June 1, 1992 for canal capital improvements, including disbursements under contracts let prior to June 1, 1992; (ii) disbursements made after June 1, 1992 for the operation and maintenance of the canal system; and (iii) department of transportation employee salaries actually earned and disbursed after June 1, 1992 for work pursuant to clauses (i) and (ii) of this section; provided, however, that such reimbursement does not impair the rights of the bondholders of the authority; and provided further that, notwithstanding any law to the contrary, the comptroller is hereby authorized and directed to receive and to deposit such reimbursement from the New York state thruway authority to the credit of the state purposes account of the general fund and the capital projects fund.

§ 38. This act shall take effect immediately; provided, however, that the transfer of powers and duties relating to canals and canal lands to the New York state thruway authority pursuant to section nineteen of this act shall be deemed effective April 1, 1992; and provided further that the amendments to subdivision 1 of section 50 of the canal law made by section eight of this act shall expire and be deemed repealed six months following the approval by the New York state thruway authority of the canal recreationway plan. The temporary president of the senate and the speaker of the assembly shall notify the legislative bill drafting commission upon the occurrence of the receipt of the dated notice of the final plan approval in order that the commission may maintain an accurate and timely effective data base of the official text of the laws of the state of New York in furtherance of effecting the provisions of section 44 of the legislative law and section 70–b of the public officers law.

---

## SLAPP SUITS—COSTS AND FEES, COMPENSATORY AND PUNITIVE DAMAGES TO DEFENDANTS

### CHAPTER 767

A. 4299

*Memoranda relating to this chapter, see Executive and Judicial Memoranda, post*

Approved Aug. 3, 1992, effective as provided in section 6

**AN ACT to amend the civil rights law and the civil practice law and rules, in relation to actions involving public petition and participation**

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

§ 1. Legislative findings and purpose. The legislature hereby declares it to be the policy of the state that the rights of citizens to participate freely in the public process must be safeguarded with great diligence. The laws of the state must provide the utmost protection for the free exercise of speech, petition and association rights, particularly where such rights are exercised in a public forum with respect to issues of public concern. The legislature further finds that the threat of personal damages and litigation costs can be and has been used as a means of harassing, intimidating or punishing individuals, unincorporated associations, not-for-profit corporations and others who have involved themselves in public affairs.

§ 2. The civil rights law is amended by adding a new section 70–a to read as follows:

**§ 70–a. Actions involving public petition and participation; recovery of damages**

1. A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:

(a) costs and attorney's fees may be recovered upon a demonstration that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law;

(b) other compensatory damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights; and

(c) punitive damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights.

2. The right to bring an action under this section can be waived only if it is waived specifically.

3. Nothing in this section shall affect or preclude the right of any party to any recovery otherwise authorized by common law, or by statute, law or rule.

§ 3. The civil rights law is amended by adding a new section 76–a to read as follows:

**§ 76–a. Actions involving public petition and participation; when actual malice to be proven**

1. For purposes of this section:

(a) An "action involving public petition and participation" is an action, claim, cross claim or counterclaim for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission.

(b) "Public applicant or permittee" shall mean any person who has applied for or obtained a permit, zoning change, lease, license, certificate or other entitlement for use or permission to act from any government body, or any person with an interest, connection or affiliation with such person that is materially related to such application or permission.

(c) "Communication" shall mean any statement, claim, allegation in a proceeding, decision, protest, writing, argument, contention or other expression.

(d) "Government body" shall mean any municipality, the state, any other political subdivision or agency of such, the federal government, any public benefit corporation, or any public authority, board, or commission.

2. In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.

3. Nothing in this section shall be construed to limit any constitutional, statutory or common law protections of defendants to actions involving public petition and participation.

§ 4. Rule 3211 of the civil practice law and rules is amended by adding a new subdivision (g) to read as follows:

(g) Standards for motions to dismiss in certain cases involving public petition and participation. A motion to dismiss based on paragraph seven of subdivision (a) of this section, in which the moving party has demonstrated that the action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation as defined in paragraph (a) of subdivision one of section seventy-six-a of the civil rights law, shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law. The court shall grant preference in the hearing of such motion.

 Additions are indicated by underline; deletions by ~~strikeout~~

§ 5. Rule 3212 of the civil practice law and rules is amended by adding a new subdivision (h) to read as follows:

(h) Standards for summary judgment in certain cases involving public petition and participation. A motion for summary judgment, in which the moving party has demonstrated that the action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of the civil rights law, shall be granted unless the party responding to the motion demonstrates that the action, claim, cross claim or counterclaim has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law. The court shall grant preference in the hearing of such motion.

§ 6. This act shall take effect on the first day of January next succeeding the date on which it shall have become a law, provided that this act shall not affect any action, claim, cross claim or counterclaim commenced prior to the effective date of this act.

---

## PLEASURE BOATS—NOISE LEVELS

### CHAPTER 768

S. 131-B

Approved Aug. 7, 1992, effective as provided in section 9

**AN ACT to amend the navigation law and the state finance law, in relation to enacting provisions relating to noise levels on pleasure vessels and to repeal certain provisions of the navigation law relating thereto**

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

§ 1. Section 2 of the navigation law is amended by adding a new subdivision 32 to read as follows:

32. "Effective muffler" or "underwater exhaust system" shall mean a sound suppression device or system designed and installed to abate the sound of exhaust gases emitted from an internal combustion engine and which prevents excessive or unusual noise, as set forth in section forty-four of this chapter.

§ 2. Sections 44, 44-a, 44-b, 44-c, 44-d and 44-e of the navigation law are REPEALED and a new section 44 is added to read as follows:

**§ 44. Noise levels on pleasure vessels**

1. The provisions of this section shall apply to the navigable waters of the state including all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk counties.

2. (a) No person shall operate or give permission for the operation of any pleasure vessel in or upon the waters of this state in such a manner as to exceed a noise level of 90dB(A) when subjected to a stationary sound level test as prescribed by SAE J2005.

(b) No person shall operate a pleasure vessel on the waters of this state in such a manner as to exceed a noise level of 75dB(A) measured as specified in SAE J1970. Provided, that such measurement shall not preclude a stationary sound level test as prescribed by SAE J2005.

3. Sale or manufacture. No person shall manufacture or offer for sale any pleasure vessel or engine for use in a pleasure vessel for use on the waters of this state if such vessel or engine, at the time of manufacture or sale, cannot be operated in such a manner so as to comply with the sound level requirements provided in this section.